APRIL L. HOLLINGSWORTH (Bar No. 9391)
**HOLLINGSWORTH LAW OFFICE, LLC**
1115 South 900 East
Salt Lake City, Utah 84105
Telephone: 801-415-9909
Fax: 801-415-5172
Attorney for Petitioner

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| **RAYMOND L. ZISUMBO,**<br><br>　　　　Plaintiff,<br><br>vs.<br><br>**OGDEN REGIONAL MEDICAL CENTER,**<br><br>　　　　Defendant. | **COMPLAINT**<br>**(Jury Demand)**<br><br>Case No. 1:10-cv-73<br><br>Magistrate Judge Samuel Alba |

Plaintiff Raymond L. Zisumbo ("Zisumbo") complains and alleges against Defendant Ogden Regional Medical Center ("ORMC") as follows:

### NATURE OF CASE

This is an action for damages due to discrimination in employment by Defendant based on race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").

### PARTIES, JURISDICTION, AND VENUE

1. Zisumbo is an individual residing in Weber County, Utah.

2. Defendant ORMC is a corporation doing business in Weber County in the state of Utah, and was the employer of Zisumbo in the state of Utah during the relevant time periods.

3. The unlawful practices alleged herein were committed by the Defendant in the state of Utah.

4. This court has jurisdiction over the actions asserted herein pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## ADMINISTRATIVE PROCEEDINGS

6. Zisumbo filed a timely Charge of Discrimination with the Utah Antidiscrimination and Labor Division ("UALD") and the U.S. Equal Employment Opportunity Commission ("EEOC") on September 18, 2009, alleging race discrimination by Defendant.

7. EEOC issued a Notice of Right to Sue dated February 16, 2010, attached hereto as Exhibit "A." Therefore, all administrative prerequisites have been met.

## GENERAL ALLEGATIONS

8. Zisumbo is an Hispanic man. He has a Bachelor's Degree in Computer Tomography ("CT").

9. He began working for ORMC on March 22, 2004 as a CT Technician.

10. In April 2007, Zisumbo applied for the position of Coordinator of his department.

11. A new hire with less experience was hired over him.

12. The person who was hired over him was terminated in January 2009.

13. From January 2009 until his termination, Zisumbo was the acting Coordinator, but did not receive any pay increase along with his increased duties.

14. Sometime in July 2009, Zisumbo's supervisor, Anthony Rhodebush, told him that he intended to hire either Zisumbo or one of his other coworkers for the Coordinator position.

15. Zisumbo asked Rhodebush why he would consider the coworker, who was still a student, when Zisumbo has five years of experience at the hospital, 10 years of CT experience, and a degree in CT.

16. Rhodebush responded that he was concerned as to where Zisumbo would go if he had to fire him.

17. On September 3, 2009, Rhodebush asked him if he had ever beat his wife or kids, and whether he had raped or killed anyone.

18. On September 15, 2009, at a pizza party for all the CT techs, Zisumbo's supervisor announced that he was not going to hire Zisumbo for the Coordinator position because Zisumbo's coworkers felt he was untrustworthy and were uncomfortable around him.

19. On September 16, 2009, Zisumbo filed a complaint of discrimination through the Ethics Hotline for the Hospital Corporation of America ("HCA"), ORMC's parent corporation.

20. On September 18, 2009, Zisumbo filed a Charge of Discrimination with the Utah Antidiscrimination and Labor Division of the Utah Labor Commission.

21. Prior to filing his Charge of Discrimination, Zisumbo had never received any discipline.

22. On October 2, 2009, Zixumbo was given a written warning for "repeatedly

fail[ing] to take responsibility for the negative effect that he has shown to have on co-workers."

23. On October 8, 2009, ORMC terminated Zisumbo's employment, ostensibly for providing a fraudulent letter from his previous employer, St. Mark's Hospital, verifying that he had not been terminated from those employers. The letter was dated August 2009.

## FIRST CAUSE OF ACTION
### (Hostile Work Environment, in Violation of Title VII)

24. Zisumbo incorporates herein the allegations of the foregoing paragraphs.

25. ORMC engaged in race-based discriminatory workplace conduct towards Zisumbo by, for instance, failing to consider him for the Coordinator position for which he was qualified, suggesting that he beat his wife and children, and stating that other employees find him untrustworthy.

26. ORMC's conduct was sufficiently severe and pervasive to constitute a hostile work environment.

27. ORMC was put on notice that Zisumbo believed he was being treated differently because of his race, but failed to address Zisumbo's concerns.

## PRAYER FOR RELIEF

WHEREFORE, Zisumbo respectfully requests that the Court enter judgment in his favor and against Defendant, and award the following relief:

a. Compensatory and consequential damages;

b. Punitive damages, in substantial, appropriate, and reasonable

amounts;

      c.      Pre-judgment and post-judgment interest at the highest lawful rate;

      d.      Attorneys' fees and costs of this action, as appropriate; and

      e.      Any such further relief as justice allows.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Dated this __12th__ day of May, 2010.

                **HOLLINGSWORTH LAW OFFICE, LLC**

                /s/ April L. Hollingsworth
                April L. Hollingsworth
                Attorney for Plaintiff