IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| RAYMOND L. ZISUMBO,<br><br>Plaintiff,<br><br>vs.<br><br>OGDEN REGIONAL MEDICAL CENTER,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO STAY PROCEEDINGS<br><br><br><br>Case No. 1:10-CV-73 TS |

This matter is before the Court on Plaintiff Raymond L. Zisumbo's Motion to Stay Proceedings.[1] For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

Plaintiff filed his complaint in this matter on May 12, 2010, alleging that Defendant Ogden Regional Medical Center ("ORMC") maintained a hostile work environment in violation of Title VII ("*Zisumbo I*").[2] On March 23, 2011, Plaintiff amended his complaint to allege discrimination in violation of Title VII, retaliation in violation of Title VII, and breach of the

---

[1]Docket No. 46.

[2]Docket No. 2.

duty of good faith and fair dealing.[3] On December 2, 2011, Plaintiff filed a complaint in the Second District Court of the State of Utah alleging negligence, defamation, and interference with economic relations ("*State Zisumbo*").[4] However, *State Zisumbo* was dismissed without prejudice on January 20, 2012, because Plaintiff failed to pay the necessary filing fees.[5]

On February 3, 2012, Plaintiff filed a motion for leave to file a second amended complaint in this case, requesting leave to add the claims dismissed in *State Zisumbo* and a claim for discrimination in violation of 42 U.S.C. § 1981. In addition to supplementing his claims, Plaintiff sought to add Plaintiff's supervisor, Anthony Rhodebush, as a defendant in relation to the discrimination claim under 42 U.S.C. § 1981.[6] On March 30, 2012, the Magistrate Judge denied Plaintiff's motion to amend, finding that the proposed amendment was untimely, prejudicial, and not supported by good cause.[7]

After Plaintiff's motion to amend was denied, Plaintiff filed a complaint in a separate case against ORMC and Rhodebush on April 2, 2012 ("*Zisumbo II*").[8] The complaint in *Zisumbo II* contained factual allegations that are currently being considered in this case as well as allegations related to claims for negligence, defamation, interference with economic relations,

---

[3]Docket No. 13.

[4]*Zisumbo v. Ogden Reg'l Med. Ctr.*, 2012 WL 4795655, at *1 (D. Utah Oct. 9, 2012).

[5]*Id.*

[6]Docket No. 27.

[7]Docket No. 33.

[8]Complaint, *Zisumbo v. Ogden Reg'l Med. Ctr.*, No. 1:10-CV-91 (D. Utah June 6, 2010), ECF No. 2.

and Utah based claims that are not before the Court in *Zisumbo I*, the instant case.[9] On June 7, 2012, Plaintiff filed a motion to consolidate *Zisumbo II* with *Zisumbo I*.[10] On October 9, 2012, the Court denied the motion to consolidate and dismissed *Zisumbo II*, finding that the § 1981 claims were barred by the rule against claim-splitting and the Court lacked jurisdiction to hear the remaining claims.[11] Plaintiff then filed an appeal of the Court's decision in *Zisumbo II* on November 8, 2012, and filed the Motion to Stay *Zisumbo I*—which is currently before the Court—pending the outcome of his appeal in *Zisumbo II*.

## II. DISCUSSION

The Court has inherent power to grant a stay pending the result of other proceedings.[12] The Supreme Court has described this power as "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[13] Using this power "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[14] A party that seeks to stay litigation pending the resolution of a different matter "must make out a clear case of hardship or

---

[9]*Id.* ¶¶ 1–36.

[10]Motion to Consolidate, *Zisumbo v. Ogden Reg'l Med. Ctr.*, No. 1:10-CV-91 (D. Utah June 6, 2010), ECF No. 7.

[11]*Zisumbo v. Ogden Reg'l Med. Ctr.*, 2012 WL 4795655, at *6.

[12]*Nederlandse ERTS-Tankersmaatchappij, N.V. v. Isbarndtsen Co.*, 339 F.2d 440, 441 (2d Cir. 1964).

[13]*Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

[14]*Id.* at 254–55.

inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else."[15]

The Court is guided by the following factors in determining whether to grant a stay: "(1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; and (3) whether a stay would unduly prejudice the parties or create undue hardship."[16]

The first factor, whether a stay is likely to promote judicial economy, turns on whether Plaintiff is likely to succeed in his appeal of *Zisumbo II*. If Plaintiff wins that appeal, it would be more efficient to stay the current matter so that it could be tried together with Plaintiff's claims in *Zisumbo I*, instead of having two separate trials on similar facts and issues. If Plaintiff does not prevail, however, a stay would make the Court's docket less predictable and less manageable, thereby hindering judicial economy.

In this case, Plaintiff is unlikely to prevail in his appeal of *Zisumbo I* because the Court's decision to deny Plaintiff's motion to consolidate and its decision to dismiss *Zisumbo I* were based on well-settled law and will be subject to deferential review by the Tenth Circuit. In the Court's decision denying the motion to consolidate, the Court recognized that "it is well-settled that a plaintiff may not use the tactic of filing two substantially identical complaints to expand

---

[15]*Landis*, 299 U.S. at 255; *see also Commodity Futures Trading Comm'n v. Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) ("where a movant seeks relief that would delay court proceedings by other litigants he must make a strong showing of necessity because the relief would severely affect the rights of others").

[16]*Evergreen Holdings, Inc. v. Sequoia Global, Inc.*, 2008 WL 4723008, at *2 (W.D. Okla. Oct. 23, 2008).

the procedural rights he would have otherwise enjoyed."[17]  Further, the denial of Plaintiff's motion to consolidate was within the Court's discretion "and will not be reversed on appeal absent clear error or exigent circumstances."[18]  Next, the Court predicated the dismissal of *Zisumbo II* on the well-settled rule "against claim splitting [that] requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit."[19]  That dismissal was within the Court's discretion and is unlikely to be overturned on appeal when reviewed under the applicable abuse of discretion standard.[20]  Accordingly, it is not likely that Plaintiff will prevail in his appeal of *Zisumbo II* and a stay would only serve to make the Court's docket less manageable, thereby hindering judicial economy.

Under the second factor, a stay would not avoid confusion and inconsistent results.  In the event that the Tenth Circuit were to reverse the Court's decision in *Zisumbo II*, on remand the principles of res judicata would prevent this Court from arriving at results not consistent with any

---

[17]*Zisumbo*, 2012 WL 4795655, at *3 (quoting *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 990 (10th Cir. 2002)).

[18]*Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).

[19]*Zisumbo*, 2012 WL 4795655, at *3.

[20]*See Hartsel Springs*, 296 F.3d at 985 ("[Where] the dismissal for claim-splitting was premised in significant measure on the ability of the district court to manage its own docket . . . the appellate court reviews the dismissal under an abuse of discretion standard.").

decision the Court may have reached in *Zisumbo I* during the pendency of the appeal.[21]  Though a court may, of course, reconsider any interlocutory orders prior to the entry of final judgment.

Finally, the Court finds that under the third factor, a stay would not unduly burden or harm either of the parties.  As a result, this factor does not cut in favor or against the stay.

### III.  CONCLUSION

Having considered all of Plaintiff's arguments and balancing the factors proposed by Plaintiff, the Court finds that Plaintiff has not met his burden to "make out a clear case of hardship or inequity in being required to go forward"[22] and Plaintiff's Motion must be denied.

It is therefore

ORDERED that Plaintiff's Motion to Stay Proceedings (Docket No. 46) is DENIED. Plaintiff is hereby directed to respond to Defendant's Motion for Summary Judgment (Docket No. 41) within twenty-eight (28) days.  Failure to respond may result in dismissal of this case.

---

[21]*See e.g., Borrero v. United Healthcare of New York, Inc.,* 610 F.3d 1296, 1307 (11th Cir. 2010) ("One of the chief concerns of res judicata is the prevention of inconsistent results."); *Dionne v. Mayor and City Council of Baltimore*, 40 F.3d 677, 685 ("[I]ssue preclusion rules may prevent the relitigation of factual issues already determined . . . and thus foreclose the possibility of inconsistent results."); *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981) ("The doctrine of res judicata . . . is designed to . . . avoid inconsistent results . . . .").

[22]*Landis*, 299 U.S. at 255.

DATED   December 13, 2012.

                              BY THE COURT:

                              _____
                              TED STEWART
                              United States District Judge