IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| RAYMOND L. ZISUMBO,<br><br>    Plaintiff,<br><br>v.<br><br>OGDEN REGIONAL MEDICAL CENTER,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION IN LIMINE<br><br><br>Case No. 1:10-CV-73 TS |

      This matter is before the Court on Defendant's Motion in Limine.[1] Through its Motion, Defendant seeks an order permitting it to introduce evidence that: (1) in November of 2008 and February of 2009, Plaintiff was arrested and charged with misdemeanors relating to domestic incidents; (2) the police came to Ogden Regional Medical Center ("ORMC") looking for Zisumbo and spoke with his co-workers; and (3) Zisumbo's mug shot was posted on the internet and was viewed by his co-workers (collectively the "criminal matters").

---

      [1]Docket No. 78.

1

Federal Rule of Evidence 404(b) states:

> (1) Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) The evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident . . . .

In the Tenth Circuit,

> Evidence of other bad acts is properly admitted if four requirements are met: (1) the evidence is offered for a proper purpose under Fed.R.Evid. 404(b); (2) the evidence is relevant under Fed.R.Evid. 401; (3) the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice under Fed.R.Evid. 403; and (4) the district court, upon request, instructs the jury to consider the evidence only for the purpose for which it was admitted.[2]

In this case, the parties' disagreement regarding the admissibility of the criminal matters centers on the relevance of the evidence. Plaintiff argues that the criminal matters are not relevant because the ORMC employees who decided not to promote Plaintiff and, later, to terminate his employment, never suggested that the criminal matters affected their decisions. Defendant, on the other hand, contends that many of Plaintiff's problems with his coworkers arose because of their alleged knowledge of the criminal matters. Defendant therefore argues that evidence of the criminal matters is relevant because it negates the inference that it acted with discriminatory intent.

---

[2] *United States v. Tan*, 254 F.3d 1204, 1207 (10th Cir. 2001) (quoting *United States v. Becker*, 230 F.3d 1224, 1232 (10th Cir. 2000)).

The record currently before the Court suggests that the criminal matters have very little, if any, relevance to the issues to be decided at trial. As Plaintiff correctly argues, there is no evidence that ORMC failed to promote or fired Plaintiff because of the criminal matters or their alleged effect on Plaintiff's co-workers. Additionally, the prejudicial effect of the criminal matters is likely to be very high. Nevertheless, the relevance of the criminal matters and the remaining factors necessary to admit evidence under Fed.R.Evid. 404(b) may be affected by the evidence introduced at trial. The Court will therefore deny the Motion without prejudice, subject to it being re-raised, if appropriate, at trial.

The Court also notes that both Defendant's Motion and Plaintiff's response exceed the page limit set forth in the Trial Order (Docket No. 72) and advises the parties that all future motions not in compliance with the trial order will summarily be denied as overlength.

It is therefore

ORDERED that Defendant's Motion in Limine (Docket No. 78) is DENIED WITHOUT PREJUDICE.

DATED   June 3, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge