IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| RAYMOND L. ZISUMBO,<br><br>Plaintiff,<br><br><br>v.<br><br><br>OGDEN REGIONAL MEDICAL CENTER,<br>Defendant. | MEMORANDUM DECISION AND<br>ORDER DENYING MOTION FOR<br>RELIEF FROM AN ORDER<br><br><br><br>Case No. 1:10-CV-73 TS |

Before the Court is Plaintiff's Motion for Relief from an Order.[1]  Through his Motion, Plaintiff asks the Court to reconsider its Order granting summary judgment in favor of Defendant on Plaintiff's claim for the breach of the covenant of good faith and fair dealing.  In the alternative, Plaintiff requests leave to amend his Complaint to add a claim for breach of contract. For the reasons discussed below, the Court will deny the Motion.

I.  MOTION TO RECONSIDER

Plaintiff first asks the Court to reconsider its prior summary judgment Order in favor of Defendant on Plaintiff's claim for breach of the covenant of good faith and fair dealing.  Plaintiff

---

[1]Docket No. 73.

1

contends that the Court must reconsider its Order because the Court misapprehended the controlling law.

A litigant who is unsatisfied with a court's judgment may seek relief by filing one of three motions: a motion seeking relief from an interlocutory order under Rule 54(b), a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e), or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b). The determination of which rule applies depends on the time a motion is served. If a motion is served before final judgment has been entered, it falls under Rule 54(b).[2] "If a motion is served within [twenty-eight] days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time it falls under Rule 60(b)."[3]

In this case, Plaintiff brought his Motion pursuant to rule 60(b), but because Plaintiff's Motion was served prior to final judgment being entered in this matter, it falls under Rule 54(b), and the Court will construe it as such.

In reviewing a motion to reconsider brought pursuant to Rule 54(b), courts in the Tenth Circuit apply the standard applicable to a Rule 59(e) motion to alter or amend a judgment.[4] The Tenth Circuit has recognized the following grounds as warranting a motion to reconsider under

---

[2]*See* Fed.R.Civ.P. 54(b); *Azubuko v. Mass. Supreme Judicial Court*, 2012 WL 1657350, at *2 (W.D. Okla. 2012) (Rule 54(b) "permits the Court's alteration of an interlocutory ruling prior to final judgment").

[3]*Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (alteration to reflect change in rule).

[4]*See Madison v. Volunteers of Am.*, 2012 WL 1604683, at *1 (D. Colo. 2012) (collecting cases).

Rule 59(e): "(1) an intervening change in the controlling law, (2) new evidence previously

unavailable, and (3) the need to correct clear error or prevent manifest injustice."[5]  "Thus, a

motion for reconsideration is appropriate where the court has misapprehended the facts, a party's

position, or the controlling law. . . .  It is not appropriate to revisit issues already addressed or

advance arguments that could have been raised in prior briefing."[6]

Having reviewed Plaintiff's Motion, the Court finds that Plaintiff has merely restated the

arguments already presented to and rejected by the Court on summary judgment.  It is not

appropriate for the Court to revisit arguments already addressed in a prior order.  Furthermore,

Plaintiff has not advanced new arguments showing that the Court's decision was reached in error

or results in manifest injustice.  Therefore, the Motion will be denied to the extent Plaintiff seeks

reconsideration of the Court's Order on summary judgment.

## II.  MOTION TO AMEND

In the alternative, Plaintiff seeks leave to amend his Complaint to add a claim for breach

of contract.

Federal Rule of Civil Procedure 15(a)(2) dictates that "a party may amend its pleadings

only with the opposing party's written consent or the court's leave."  The Rule specifies that the

"court should freely give leave when justice so requires."[7]

---

[5] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2005) (second alteration
to reflect change in Rule 59) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948
(10th Cir. 1995)).

[6] *Id.*

[7] Fed. R. Civ. P. 15(a).

However, the Court may refuse to grant leave to amend where it finds evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[8]  The Tenth Circuit has stated that "'[l]ateness does not of itself justify the denial of the amendment.'"[9]  "However, '[a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time.'"[10]  "The longer the delay, 'the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.'"[11]

In making this determination, the Court "focuses primarily on the reasons for the delay."[12] The Tenth Circuit has "held that denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'"[13]  "For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was

---

[8]*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[9]*Id*. at 1205 (quoting *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975)).

[10]*Id*. (quoting 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1488 (2d ed. 1990)).

[11]*Id*. (quoting *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004)).

[12]*Id*. at 1206.

[13]*Id*. (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365–66 (10th Cir. 1993)).

4

based for some time prior to the filing of the motion to amend."[14]  "Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, to present theories seriatim in an effort to avoid dismissal, or to knowingly delay . . . raising [an] issue until the eve of trial."[15]

The Court finds that Plaintiff's undue delay necessitates a denial of his Motion.  Plaintiff filed his Complaint in this matter on May 12, 2010, Defendant moved for summary judgment on October 1, 2012, and the Court granted summary judgment in favor of Defendant on Plaintiff's claim for breach of the covenant of good faith and fair dealing on March 3, 2013.  Plaintiff waited nearly two years after filing this action, six months after Defendant filed for summary judgment, and after the Court ruled on that motion before seeking to amend his Complaint to add his breach of contract claim.  Furthermore, Plaintiff previously requested leave to amend, but later withdrew the motion because he believed it would "be most practical to pursue all of his state law claims in state court."[16]

Plaintiff offers no justification for his lateness.  Indeed, Plaintiff's delay appears to be the result of a failed litigation strategy.  Plaintiff was content to pursue his breach of contract claim in state court so long as he believed he had a viable claim for breach of the covenant of good faith and fair dealing in this case.  Now that the Court has found the fair dealing claim to be

---

[14]*Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.3d 383, 387 (10th Cir. 1987).

[15]*Minter*, 451 F.3d at 1206 (quotation marks and citations omitted).

[16]Docket No. 43, at 1.

without merit, he seeks—for the second time—to amend his Complaint to state a claim for breach of contract.

The Court declines to accept a change in strategy by Plaintiff at this late date. Trial is less than two months away and Plaintiff has offered no reason to justify his tardiness. Furthermore, amending the Complaint to include a claim for breach of contract at this juncture of the case would not leave Defendant sufficient time to have a dispositive motion related to the new claim determined prior to trial. This prejudice is not acceptable. While Rule 15 states that leave to amend should be freely given, the Court finds that it is not in the interest of justice to do so here.

## III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Relief from an Order (Docket No. 73) is DENIED.

DATED   June 5, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge

6