IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| RAYMOND L. ZISUMBO, <br><br> Plaintiff, <br><br> v. <br><br> OGDEN REGIONAL MEDICAL CENTER, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION IN LIMINE RE: MICHELLE MCQUISTON <br><br><br> Case No. 1:10-CV-73 TS |

This matter is before the Court on Plaintiff's Motion in Limine Re: Michelle McQuiston.[1] Plaintiff requests that the Court exclude from trial any testimony from Michelle McQuiston or any evidence of a dispute that Plaintiff had with Ms. McQuiston. Plaintiff argues that such evidence is not relevant to the issues before the Court and any probative value the evidence may have is outweighed by its potential for prejudice and to confuse the jury.

>Federal Rule of Evidence 401 defines relevant evidence as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Federal Rule of Evidence 402 bars the introduction of any evidence that

---

[1]Docket No. 106.

1

is not relevant.[2]

Rule 403 excludes otherwise relevant evidence

> if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Ms. McQuiston was a fellow employee of Plaintiff at ORMC. Thus, she may provide testimony relevant to Plaintiff's failure to promote claim. Furthermore, even if some testimony that Ms. McQuiston may offer would be prejudicial to Plaintiff, it would not be appropriate for the Court to categorically bar her testimony. Nor is it clear to the Court at this stage that any prejudice suffered by Plaintiff would substantially outweigh the probative value of Ms. Mcquiston's testimony. This is a context-specific evaluation that would best be left for determination at trial. The Court will deny this Motion without prejudice to Plaintiff raising objections to specific testimony at trial.

It is therefore

ORDERED that Plaintiff's Motion in Limine Re: Michelle McQuiston (Docket No. 106) is DENIED WITHOUT PREJUDICE to Plaintiff raising objections to specific testimony at trial.

DATED   July 26, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2] *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1227 (10th Cir. 2000) (internal quotation marks and citations omitted).