IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| RAYMOND L. ZISUMBO, <br><br> Plaintiff, <br><br> v. <br><br> OGDEN REGIONAL MEDICAL CENTER, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE TO EXCLUDE UALD EXHIBITS <br><br><br> Case No. 1:10-CV-73 TS |

This matter is before the Court on Defendant's Motion in Limine to Exclude UALD Exhibits.[1] Through its Motion, Defendant seeks to exclude the following Utah Antidiscrimination and Labor Division ("UALD") documents as hearsay: (1) a September 18, 2009 complaint handwritten by Plaintiff on a UALD form; (2) a May 11, 2010 intake questionnaire handwritten by Plaintiff on a UALD form; (3) a July 6, 2010 Charge of Discrimination; and (4) a November 2, 2009 charge of discrimination.

---

[1]Docket No. 103.

1

Fed. R. Evid. 801(c) provides that hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. However, Fed. R. Evid. 803(8) allows a hearsay statement to come into evidence if it is a public record that sets out "factual findings from a legally authorized investigation," so long as "neither the source of information nor other circumstances indicate a lack of trustworthiness."

The UALD documents at issue in this Motion contain Plaintiff's allegations to the UALD, either in the form he made them or as summarized by the UALD. The documents do not contain any agency factual findings and did not come after any investigation. Therefore, these documents do not qualify for the hearsay exception set out in Fed. R. Evid. 803(8).

Plaintiff argues that even if the documents do not qualify for the public record exception they are nevertheless not hearsay because they are not being offered to prove the truth of the matter asserted. Instead, Plaintiff argues that the documents are being offered both to show that Plaintiff complained to an outside agency in September 2009, and to support his claim that he complained of discrimination to Defendant's ethics line. Plaintiff additionally agrees to redact any hearsay contained in the documents.

Despite Plaintiff's assertion, only one of the four documents was dated in September 2009, and the remaining documents offer limited support for the assertion Plaintiff seeks to prove. Nor does it appear that Defendant contests either that Plaintiff filed complaints with the UALD or that he complained to Defendant's ethics line. Furthermore, there is no need for Plaintiff's allegations to be presented through these documents, as the substance of these

allegations can be presented through witnesses at trial, where the witnesses can be subject to cross-examination. However, to the extent that Plaintiff redacts the documents to remove any hearsay, they are admissable. The Court notes that this requires a redaction of Mr. Zisumbo's own written statements in his complaint, not just his reporting of the statements of others.

It is therefore

ORDERED that Plaintiff's Motion in Limine to Exclude UALD Exhibits (Docket No. 103) is GRANTED IN PART AND DENIED IN PART according to the terms of this Order.

DATED   July 26, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge