IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| RAYMOND L. ZISUMBO,<br><br>Plaintiff,<br><br>v.<br><br>OGDEN REGIONAL MEDICAL CENTER,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION IN LIMINE RE: McKAY-DEE LETTER<br><br><br><br>Case No. 1:10-CV-73 TS |

This matter is before the Court on Plaintiff's Motion in Limine Re: McKay-Dee Letter.[1] Through his Motion, Plaintiff seeks to exclude from trial a letter from McKay-Dee Hospital regarding whether Plaintiff was in good standing at McKay-Dee at the time his employment there ceased. with McKay-Dee discontinued his employment with McKay Dee in good standing.

According to Plaintiff, the McKay-Dee letter is not relevant to the issues to be determined at trial. Defendant responds by arguing that the McKay-Dee letter is relevant.

Federal Rule of Evidence 401 defines relevant evidence as evidence
having any tendency to make the existence of any fact that is of consequence to

---

[1] Docket No. 105.

the determination of the action more or less probable than it would be without the evidence. Federal Rule of Evidence 402 bars the introduction of any evidence that is not relevant.[2]

Having considered the parties' arguments, the Court finds that the relevance of the McKay-Dee letter depends on the issues and arguments raised at trial. The Court will therefore deny the Motion without prejudice. Plaintiff is free to re-raise his objection to the McKay-Dee letter at trial, should such an objection be appropriate.

It is therefore

ORDERED that Plaintiff's Motion in Limine Re: McKay-Dee Letter (Docket No. 105) is DENIED WITHOUT PREJUDICE.

DATED   July 26, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2] *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1227 (10th Cir. 2000) (internal quotation marks and citations omitted).