IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| RAYMOND L. ZISUMBO, <br><br> Plaintiff, <br><br> v. <br><br> OGDEN REGIONAL MEDICAL CENTER, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION IN LIMINE RE: SCALISE <br><br> Case No. 1:10-CV-73 TS |

This matter is before the Court on Plaintiff's Motion in Limine Re: Scalise.[1] Through his Motion, Plaintiff seeks to exclude from trial any testimony from Mr. Timothy Scalise, Plaintiff's former supervisor at Mckay-Dee Hospital. Plaintiff also seeks to exclude the introduction of the following three documents written by Mr. Scalise: (1) a January 2002 letter concerning Plaintiff's voluntary termination from Mckay-Dee Hospital and Mr. Scalise's opinions on Plaintiff's work; (2) Mr. Scalise's documentation of a February 2001 meeting with Plaintiff regarding complaints

---

[1] Docket No. 101.

1

about Plaintiff's work; and (3) handwritten notes taken in early 2002 concerning Plaintiff's voluntary termination.

According to Plaintiff, these documents and Mr. Scalise's testimony are irrelevant to the claims at issue because Plaintiff left Mckay-Dee Hospital in early 2002, and neither Mr. Scalise nor the documents he wrote were consulted by Defendant either when considering Plaintiff for the CT Coordinator position or when terminating Plaintiff's employment.

> Federal Rule of Evidence 401 defines relevant evidence as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Federal Rule of Evidence 402 bars the introduction of any evidence that is not relevant.[2]

Rule 403 excludes otherwise relevant evidence

> if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Mr. Scalise supervised Plaintiff and wrote the documents at issue in this Motion over seven years before the events at issue in this case. Defendant has made no allegations that Mr. Scalise's review of Plaintiff's work was consulted by ORMC when it made employment decisions concerning Plaintiff. To the extent Defendant wishes to offer Mr. Scalise's testimony or documents to show that Plaintiff was difficult to work with at Mckay-Dee Hospital, the limited probative value of this evidence is substantially outweighed by the danger of confusing the jury and unfair prejudice to Defendant.

---

[2]*Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1227 (10th Cir. 2000) (internal quotation marks and citations omitted).

2

However, Defendant argues that the fact that McKay-Dee had coded Plaintiff as ineligible for re-hire is relevant to the damages issue. To the extent the prior coding becomes an issue at trial, the Court will allow Mr. Scalise's testimony as to this fact. Defendant also argues that Plaintiff intends to present evidence at trial that ORMC forged a letter from Mckay-Dee Hospital. To the extent that the letter from Mckay-Dee Hospital becomes an issue at trial, the Court can foresee arguments to which both Mr. Scalise's testimony and the documents at issue in this Motion would be relevant.

It is therefore

ORDERED that Plaintiff's Motion in Limine Re: Scalise (Docket No. 101) is DENIED WITHOUT PREJUDICE. Plaintiff may re-raise his objections should it become appropriate at trial.

DATED   July 26, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge