IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| Raymond L. Zisumbo,<br><br>  Plaintiff,<br><br><br><br>vs.<br><br>Ogden Regional Medical Center,<br><br>  Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION IN LIMINE RE: MELANY ZISUMBO'S RETAIL THEFT<br><br><br>Case No. 1:10-cv-73 |

This matter is before the Court on Plaintiff's Motion in Limine Re: Melany Zisumbo's Retail Theft.[1] Through his Motion, Plaintiff seeks to exclude evidence concerning Ms. Zisumbo's shoplifting convictions from trial.

Federal Rule of Evidence 609(a) states prior convictions may be used to impeach a witness when:

> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and . . .
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement.

The Tenth Circuit has interpreted the phrase "dishonest act or false statement" in Rule 609(a)(2) to mean

---

[1] Docket No. 109.

1

crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully.[2]

Shoplifting in itself is not a crime involving dishonesty or false statement within this meaning, though certain factual situations may bring shoplifting within the scope of Rule 609(a)(2).[3] "While a court may *consider* evidence tending to demonstrate Rule 609(a)(2) governs, the court need not ferret it out; that responsibility falls squarely on the proponent's shoulders . . ."[4] Absent a showing from Defendant that the witness' shoplifting crimes were perpetrated through a dishonest act of false statement, the evidence is not admissible for impeachment purposes under Rule 609(a)(2).

Plaintiff also argues the convictions should be deemed inadmissible under Rule 609(c), which states evidence of a conviction is not admissible if:

> the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding that the person has been rehabilitated, and the person has not been convicted of a later crime punishable by death or by imprisonment for more than one year . . .[5]

While Ms. Zisumbo is in the process of getting her convictions reduced to misdemeanors, the Court must consider her record as it stands at this time. Therefore the evidence cannot be deemed inadmissible under Rule 609(c).

Based on the filings presented to the Court, two of Ms. Zisumbo's convictions for shoplifting were third degree felonies punishable by imprisonment for a term not to

---

[2] *U.S. v. Dunson*, 142 F.3d 12313, 1215 (10th Cir. 1998); *see also* Fed. R. Evid. 609 advisory committee note.

[3] *Id.*

[4] *Id.* at 1216 (emphasis in original).

[5] Fed. R. Evid. 609(c).

exceed five years.[6] These convictions are therefore admissible impeachment evidence under Rule 609(a)(1). Therefore, the Court will deny this Motion.

It is therefore

ORDERED that Plaintiff's Motion in Limine Re: Melany Zisumbo's Retail theft (Docket No. 109) is DENIED.

DATED July 26, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[6] Docket No. 128, at 2.