IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| RAYMOND L. ZISUMBO,<br><br>    Plaintiff,<br><br>v.<br><br>OGDEN REGIONAL MEDICAL CENTER,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER ON DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW<br><br>Case No. 1:10-CV-73 TS<br><br>Judge Ted Stewart |

This matter is before the Court on Defendant Ogden Regional Medical Center's ("Ogden Regional") Renewed Motion for Judgment as a Matter of Law.[1] For the reasons discussed below, the Court will deny Defendant's renewed Motion.

## I. BACKGROUND

This matter came before the Court for trial on July 29, 2013, through August 2, 2013. During trial, Ogden Regional moved for judgment as a matter of law. The Court denied Ogden Regional's Motion.[2] The matter was submitted to the jury. After its deliberations, the jury found in favor of Plaintiff Raymond L. Zisumbo ("Zisumbo") on his unlawful retaliation claim and against Zisumbo on his race discrimination claim. In the instant Motion, Ogden Regional renews its motion, arguing that "the jury's verdict was not supported by the evidence."[3]

---

[1] Docket No. 198.

[2] Docket No. 191.

[3] Docket No. 198, at 2.

1

Specifically, Ogden Regional argues that there was insufficient "evidence upon which a jury could find for Zisumbo on his retaliation claim when it is undisputed that the person who made the decision to terminate his employment . . . was unaware that Plaintiff had engaged in any protected conduct."[4] Zisumbo spoke to Anthony Rodebush ("Rodebush"), Zisumbo's supervisor, about filing a complaint with the ethics hotline, and to Judd Taylor ("Taylor"), who investigated the complaint. But, according to Ogden Regional, the ethics hotline complaint did not allege discrimination based on race.

Ogden Regional admits that Chris Bissenden ("Bissenden"), the purported decision-maker, also knew about the ethics hotline complaint but maintains that the call cannot constitute a protected activity because Zisumbo's complaint did not allege discrimination based on race. Ogden Regional further argues that since Bissenden did not know about any protected activity on Zisumbo's part, he cannot meet the causal connection element of the retaliation claim.

## II. DISCUSSION

The Federal Rules of Civil Procedure instruct a court to render judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue."[5] The Tenth Circuit has made it clear that judgment as a matter of law is to be "cautiously and sparingly granted"[6] and is only

---

[4] *Id.* at 3.

[5] Fed. R. Civ. P. 50(a)(1).

[6] *Weese v. Schukman*, 98 F.3d 542, 547 (10th Cir. 1996).

2

appropriate when "the evidence so overwhelmingly favors the moving party as to permit no other rational conclusion."[7]

In entertaining a motion for judgment as a matter of law, the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence.[8] "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."[9]

Ogden Regional argues that it is entitled to judgment as a matter of law because Zisumbo cannot establish a causal connection between his protected activities and the materially adverse action. Specifically, Ogden Regional argues that Zisumbo did not present evidence that Bissenden, the decision-maker, knew about any complaint of discrimination when she terminated Zisumbo's employment.

Ogden Regional argues that Zisumbo's ethics hotline call cannot constitute a protected action because the report from the call does not mention racial discrimination. The Ethics Line Case Manager noted that the caller asserts "unfair behavior" towards him by coworkers.[10] The report of the call does not mention discrimination based on race. It does mention allegations that Rodebush "behaved unprofessionally and inappropriately" by confronting Zisumbo about his

---

[7] *Shaw v. AAA Eng'g & Drafting*, 213 F.3d 519, 529 (10th Cir. 2000).

[8] *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554 (1990).

[9] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

[10] Docket No. 211 Ex. B, at 2.

reputation.[11] The report mentions Zisumbo feeling "verbally attacked" and he reported he might be "unfairly terminate[d]."[12] While the ethics hotline complaint makes no mention of discrimination or other conduct that is protected by Title VII, Zisumbo was not in control of how the hotline worker described Zisumbo's complaint. Additionally, Zisumbo testified that he reported to the ethics hotline that he felt he was the victim of race discrimination.

> Q. Did you make sure to tell the ethics guy that you believed it was race discrimination?
> A. He asked me, do you feel this is racial discrimination. I said, yes, absolutely.[13]

The jury simply may have believed Zisumbo that he filed the ethics complaint to allege racial discrimination. Zisumbo also presented substantial evidence that Bissenden was aware Zisumbo had complained about discrimination to the ethics hotline. Bissenden's testimony at trial confirms that she knew about the ethics line complaint.

> Q. At some point you knew that Mr. Zisumbo had filed an ethics line complaint, correct?
> A. I did not until it was—until in October.
> Q. You mean before he was terminated?
> A. Correct.
> Q. So you did learn that he had filed an ethics line complaint, correct?
> A. I knew in the beginning of October, yes.[14]

Taylor and Rodebush met together with Zisumbo about the ethics complaint, even though some of Zisumbo's complaints were specifically about Rodebush's conduct. The day after Taylor and Rodebush met with Zisumbo about his complaint to the ethics line, Rodebush gave

---

[11] *Id.* at 4.

[12] *Id.*

[13] Docket No. 178, at 60.

[14] Docket No. 181, at 53–54.

4

Zisumbo a written warning for incidents that occurred years previous, some of which occurred prior to Rodebush becoming Zisumbo's supervisor. Bissenden was also aware that Rodebush had disciplined Zisumbo for these incidents and that the discipline occurred after Rodebush and Taylor met with Zisumbo about his ethics complaint. Bissenden's trial testimony provides:

> Q. You were present at a meeting on October 2nd in which Anthony Rodebush gave Mr. Zisumbo written discipline, correct?
> A. Yes, I was.
> Q. And you were aware that Mr. Zisumbo had just met with Mr. Rodebush and Judd Taylor as part of the ethics investigation the day before, correct?
> A. I found that out on the day of the meeting, yes.[15]

Finally, at one point during trial Bissenden testified that when making a termination decision, she works together with the employee's supervisor while at another point she said she alone made the decision to terminate Zisumbo. When asked at trial if the supervisor makes termination decisions, which Bissenden then carries out, she responded, "The supervisor and I make the decision together."[16] The jury may simply not have believed Bissenden when she testified that she made Zisumbo's termination decision alone.

Plaintiff has provided sufficient evidence from which a reasonable jury could conclude that Defendant's stated reasons for terminating Plaintiff were pretextual. Thus, the jury could infer that the real reason Zisumbo was fired was because he had complained about discrimination. Viewing the evidence in the light most favorable to Plaintiff, the Court finds that a reasonable jury could find that Plaintiff would not have been terminated but for his complaints of discrimination to the ethics hotline.

---

[15] *Id.* at 56–57.

[16] Docket No. 180, at 15.

The Court notes that Ogden Regional alternately argues it is entitled to judgment as a matter of law based on a "cat's paw" theory of liability. However, because the Court finds there is sufficient evidence that Bissenden was aware that Zisumbo engaged in a protected activity, the Court does not consider Ogden Regional's alternative argument.

Finally, Ogden Regional also renewed its Motion for Judgment as a Matter of Law on Zisumbo's discrimination claim. The jury did not find for Zisumbo on this claim and, therefore, the Court will not consider Ogden Regional's argument.

In all other regards, the Court adopts the reasoning laid out in its Order[17] denying Ogden Regional's original Motion for Judgment as a Matter of Law.[18] For the reasons stated above, the Court will deny Ogden Regional's Renewed Motion for Judgment as a Matter of Law.

### III. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Defendant's Renewed Motion for Judgment as a Matter of Law (Docket No. 198) is DENIED.

DATED this 27th day of January, 2014.

BY THE COURT:

Ted Stewart
United States District Judge

---

[17] Docket No. 191.

[18] Docket No. 150.