IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| RAYMOND L. ZISUMBO,<br><br>                    Plaintiff,<br><br>v.<br><br>OGDEN REGIONAL MEDICAL CENTER,<br><br>                    Defendant. | MEMORANDUM DECISION AND ORDER ON CROSS-MOTIONS FOR ATTORNEYS' FEES<br><br><br>Case No. 1:10-CV-73 TS<br><br>Judge Ted Stewart |

This matter is before the Court on cross-motions for attorneys' fees.[1] For the reasons discussed below, the Court will grant in part and deny in part both motions.

I.  BACKGROUND

This matter arises from the employment relationship between Plaintiff Raymond Zisumbo ("Zisumbo") and Defendant Ogden Regional Medical Center ("Ogden Regional") that ultimately ended in Zisumbo's termination from Ogden Regional on October 9, 2009.

Plaintiff asserted three claims in his Amended Complaint: (1) discrimination in violation of Title VII, (2) retaliation in violation of Title VII, and (3) breach of the duty of good faith and fair dealing.[2]  In support of Plaintiff's discrimination claim, Zisumbo alleged he was not given a promotion to a CT Coordinator position (the "2007 coordinator position") in 2007 because of his race, was not considered for a promotion to the CT Coordinator position again in 2009 (the

---

[1] Docket Nos. 193, 196.

[2] Docket No. 13.

1

"2009 coordinator position"), and that Defendant's conduct was sufficiently severe and pervasive to constitute a hostile work environment.[3]

The Court dismissed Plaintiff's third cause of action at summary judgment, dismissed the hostile work environment theory, and determined that Plaintiff could not utilize the alleged discrimination regarding the 2007 coordinator position because it was time barred. Plaintiff's discrimination and retaliation claims proceeded to trial.

The jury found in favor of Plaintiff on his unlawful retaliation claim and against Plaintiff on his race discrimination claim. In the instant motions, Plaintiff seeks attorneys' fees, while Defendant seeks either attorneys' fees or, in the alternative, a setoff of any fees awarded to Plaintiff.

Defendant argues that it should be awarded attorneys' fees because Plaintiff's claims were frivolous and because Plaintiff achieved only partial success on his claims. Plaintiff argues that attorneys' fees are warranted because he is the prevailing party and because his various claims were all related.

The Court will first determine whether Defendant is entitled to recover its attorneys' fees and second, the Court will determine whether Plaintiff is entitled to attorneys' fees, and if Plaintiff is entitled to attorneys' fees, whether a reduction in Plaintiff's total fee award is appropriate because of Plaintiff's limited success.

## II.  DISCUSSION

Both parties move the Court for an entry of attorneys' fees under 42 U.S.C. § 2000e-5. In Title VII cases, a district court, "in its discretion, may allow the prevailing party . . . a

---

[3] *Id.* at 4–5.

reasonable attorney's fee."[4]  Ordinarily to obtain attorneys' fees, "a claimant must prove two elements: (1) that the claimant was the prevailing party in the proceeding; and (2) that the claimant's fee request is reasonable."[5]

A.     ATTORNEYS' FEES FOR DEFENDANT

The Supreme Court has set out a rigorous standard for awarding attorneys' fees to defendants in Title VII cases, even when defendant is the prevailing party.  "[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation."[6]  This standard, called "the *Christianburg* standard[,] is a difficult standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff."[7]  "A frivolous suit is one 'based on an indisputably meritless legal theory, . . . [or] whose factual contentions are clearly baseless.'"[8]

Where the defendant is not the prevailing party, defendant is entitled only to attorneys' fees on the frivolous claims that are not related to the claims upon which the plaintiff prevailed.[9] Claims are related if they "involve a common core of facts or will be based on related legal

---

[4] 42 U.S.C. § 2000e-5(k).

[5] *Flitton v. Primary Residential Mortg., Inc.*, 614 F.3d 1173, 1176 (10th Cir. 2010).

[6] *Figures v. Bd. of Pub. Utils.*, 967 F.2d 357, 363 (10th Cir. 1992) (quoting *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 421 (1978)).

[7] *United States ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1059 (10th Cir. 2004).

[8] *W. Daniels Land Ass'n, Inc. v. Wasatch Cnty.*, 2011 WL 1584822, at *4 (D. Utah Apr. 26, 2011) (alteration in original) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[9] *Fox v. Vice*, 131 S. Ct. 2205, 2214 (2011).

theories."[10] In order to award the defendant attorneys' fees, the district court "must be persuaded that the record is devoid of any evidence of discrimination."[11] District courts should "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his actions must have been unreasonable or without foundation."[12]

In this case, Defendant argues that it is entitled to attorneys' fees because claims that were dismissed at summary judgment were frivolous and not related to the retaliation claim on which Plaintiff prevailed. Specifically, Defendant argues that it should recover fees related to the hostile work environment claim, Plaintiff's claim related to the 2007 coordinator position, and Plaintiff's implied duty of good faith claim.

*1. Hostile Work Environment*

The Court entered summary judgment against Plaintiff on the hostile work environment theory. Plaintiff alleged a number of individual acts of discrimination including failing to promote him to the coordinator position, requiring him to do the coordinator duties without additional compensation, and stereotyping him as untrustworthy and a domestic abuser. Plaintiff alleged that the sum of these individual acts constituted a hostile work environment. Although the Court dismissed Plaintiff's hostile work environment theory at summary judgment, his discrimination claim proceeded to trial.

---

[10] *Browder v. City of Moab*, 427 F.3d 717, 723 n.10 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)).

[11] *Montgomery v. Yellow Freight Sys.*, 671 F.2d 412, 414 (10th Cir. 1982).

[12] *Id.* (quoting *Christiansburg Garment Co.*, 434 U.S. at 421).

Had Plaintiff been able to show systemic severe incidents of racial discrimination, this theory would have survived summary judgment. Although he failed to do so, there is some evidence to support this claim. While Plaintiff was ultimately unable to provide sufficient evidence of severe or pervasive harassment, the Court cannot find that such a claim was frivolous.

*2. 2007 Coordinator Position*

Defendant next argues that Plaintiff's claim related to the 2007 coordinator position was frivolous because it was barred by the statute of limitations. Plaintiff made factual allegations that he was unlawfully discriminated against in 2007 when he was not given a promotion to the 2007 coordinator position. The Court did not allow Plaintiff's discrimination claim based on this incident to proceed to trial because events involving these factual allegations were time barred. However, a hostile work environment claim is composed of a series of separate acts that collectively constitute an unlawful employment practice. Only one such act must fall within the statutory time period.[13] Had Plaintiff been successful in showing a pattern of continuous discrimination that included the 2007 incident, his claim would not have been time barred. Although Plaintiff was unable to show such a pattern, the legal theory relating to the coordinator position had merit and the factual contentions were not baseless. The claim therefore was not frivolous.

---

[13] *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002) ("A charge alleging a hostile work environment claim . . . will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one such act falls within the time period.").

### *3. Good Faith and Fair Dealing*

Defendant next argues that Plaintiff's claim for breach of the implied duty of good faith and fair dealing was lacking in merit. Specifically, Plaintiff claimed that Ogden Regional's Code of Conduct created a contract that gave rise to the duty of good faith and fair dealing. However, Plaintiff sought to enforce the express terms of the Code of Conduct, which might support a breach of contract claim, but not a claim for good faith and fair dealing. Based on this, the Court construed this claim as one for breach of contract, and noting that Plaintiff did not plead such a claim, the Court granted summary judgment on this claim.

As the Court previously noted, this claim may well represent a "failed litigation strategy."[14] However, the claim is not frivolous. There was a factual and legal basis on which Plaintiff relied. Factually, this claim supports Plaintiff's claim that he was retaliated against and that the purported reasons for his firing may have been pretextual. Legally, the theory that Ogden Regional's Code of Conduct represented an implied contract may have been poorly conceived but it does not rise to the level of being frivolous.

Defendant is not entitled to attorneys' fees due to frivolousness. The alternate argument that Defendant is entitled to a setoff of fees awarded to Plaintiff will be taken up in the next section.

### B.     ATTORNEYS' FEES FOR PLAINTIFF

A plaintiff must be a prevailing party to recover an attorneys' fee award. Plaintiffs may be considered "prevailing parties for attorney's fees purposes if they succeed on any significant

---

[14] Docket No. 85, at 5.

issue in litigation which achieves some of the benefit the parties sought in bringing suit."[15] Zisumbo prevailed on the issue of retaliation and is therefore a prevailing party at least as to that claim.

Generally, a court will determine "what fee is reasonable by first calculating the lodestar—the total number of hours reasonably expended multiplied by a reasonable hourly rate—and then adjust the lodestar upward or downward to account for the particularities of the suit and its outcome."[16] The district court may then reduce the award because hours were redundant, excessive, improperly billed, or otherwise not reasonably expended.[17] The district court may also reduce the award based on the degree of success obtained.[18]

When, as here, the prevailing party has not succeeded on all claims, the Court must ask "(1) whether the plaintiff's successful and unsuccessful claims were related; and (2) whether the plaintiff's overall level of success justifies a fee award based on the hours expended by plaintiff's counsel."[19] Claims are related if they share a "common core of fact."[20] If the Court determines that any of the unsuccessful claims did not share a common core of fact with the

---

[15] *Hensley*, 461 U.S. at 433 (internal quotation marks omitted).

[16] *Robinson v. City of Edmond*, 160 F.3d 1275, 1280 (10th Cir. 1998).

[17] *See Hensley*, 461 U.S. at 433–34.

[18] *See id.* at 434–35.

[19] *Flitton*, 614 F.3d at 1177.

[20] *Hensley*, 461 U.S. at 435.

successful ones, then the unsuccessful claims are "treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim."[21]

When a plaintiff achieves only partial success, "the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount."[22] There is no precise formula for reducing the award.[23] The court may identify hours to be eliminated or simply reduce the award to account for limited success.[24] The "most critical factor" in setting an attorneys' fee award in a Title VII case is the "degree of success obtained."[25] Courts have dealt with attorneys' fees on discrimination and retaliation claims in a number of ways, depending on the interrelatedness of the claims.[26]

---

[21] *Id.*

[22] *Id.* at 436.

[23] *Id.*

[24] *Id.* at 436–37.

[25] *Id.* at 436.

[26] *E.g.*, *Flitton*, 614 F.3d at 1177 (noting that plaintiff's unsuccessful discrimination claim and successful retaliation claim were interrelated and therefore refusing to reduce fees on the claim that did not prevail); *Merriweather v. Family Dollar Stores of Ind., Inc.*, 103 F.3d 576, 583 (7th Cir. 1996) (reducing attorneys' fees by 10% on finding that at least 90% of the time counsel spent analyzing both claims would have been necessary to litigate the retaliation claim by itself); *Lenard v. Argento*, 808 F.2d 1242, 1247–48 (7th Cir. 1982) (vacating attorneys' fee award and remanding to district court noting that a "plaintiff should not be rewarded for a failed attempt to base liability on conduct that did not result in an actionable wrong to him, even if the conduct closely precedes, or follows close on the heels of, conduct that was wrongful").

Plaintiff seeks a lodestar amount of $162,228.50.[27] Defendant does not take issue with the reasonableness of the lodestar amount, or the claimed hourly rate of Plaintiff's counsel. Instead, Defendant seeks a reduction in fees for claims on which Plaintiff did not prevail, because Plaintiff received only a small fraction of damages he sought, and for filing unsuccessful motions unrelated to the claim on which Plaintiff prevailed.

The Court finds that Plaintiff's discrimination claim and retaliation claim involved a common core of facts and were based on sufficiently related legal theories. The facts underlying the discrimination and retaliation claims were similar. Indeed, the retaliation claim arose from a set of facts that included Zisumbo filing an EEOC and ethics hotline complaint relating to alleged discrimination he felt he faced. Both claims were based on Title VII and its prohibitions against discrimination on the basis of race.

The work performed by Plaintiff's attorney on the unsuccessful discrimination claim contributed to the success of Plaintiff's retaliation claim. Plaintiff's unsuccessful discrimination claim was interrelated to his successful retaliation claim. Certainly the claims were causally related, as the jury found that Defendant would not have fired Plaintiff had he not complained of discrimination. The facts underlying the discrimination claim were important to proving retaliation. Plaintiff's successful claim could not have been tried effectively without reviewing and analyzing the facts that led to the underlying discrimination charge. Plaintiff prevailed on the retaliation claim because the jury credited his version of events. While it found against Plaintiff on its claim of discrimination, his recitation of the course of conduct of the parties'

---

[27] Plaintiff initially requested $152,926 but adjusted the lodestar to reflect attorneys' fees expended during post-trial briefing.

relationship very well may have enhanced his credibility. The Court finds that the discrimination claim shares a common core of fact with the retaliation claim and will not exclude costs related to the unsuccessful discrimination claim.

Plaintiff did, however, assert a legal theory that was distinct from the retaliation claim on which he prevailed—namely, the breach of the implied covenant of good faith and fair dealing claim. This claim was dismissed by the Court at summary judgment. This claim also shares a common core of fact with Plaintiff's other claims and should not be excluded simply because the legal theory is different. That is not to say that a reduction of fees is not merited, only that the costs associated with the unsuccessful claims should not be deducted outright.

The inquiry does not end with a finding that plaintiff's claims were interrelated or that he obtained significant relief.[28] Even when plaintiff obtains significant relief, a reduced fee award is appropriate in order to "award only that amount of fees that is reasonable in relation to the results obtained."[29]

The Court finds that some of Plaintiff's costs were unreasonably expended and should be reduced by the amount of time spent on them. These costs represent an unsuccessful Motion to Stay and an unsuccessful Motion to Reconsider. Additionally, the Court notes that Plaintiff's attorneys' fees should be reduced because of lack of success on the good faith and fair dealing claim and discrimination claim. Each will be discussed in turn.

---

[28] *Hensley*, 461 U.S. at 439–40.

[29] *Id.*

*1. Unsuccessful Motion to Stay*

On April 2, 2012, Plaintiff filed a separate lawsuit in federal court against Defendant asserting claims the Court declined to be included in this suit. On October 9, 2012, this Court dismissed Plaintiff's second-filed lawsuit. Zisumbo sought a stay of proceedings in this case while he appealed the dismissal of the second suit. Zisumbo spent $2,750.00 unsuccessfully seeking the stay.[30] Plaintiff's Motion to Stay was unsuccessful, was unrelated to its retaliation claim, and was unreasonably expended, therefore the Court will reduce Plaintiff's attorneys' fees by $2,750.00.

*2. Unsuccessful Motion to Reconsider*

The Court additionally finds that Plaintiff compounded his attorneys' fees by filing a motion to reconsider the Court's Summary Judgment Order concerning his good faith and fair dealing claim. The Court found that Plaintiff "merely restated arguments already presented to and rejected by the court on summary judgment."[31] Plaintiff seeks an award of attorneys' fees incurred in connection with the Motion to Reconsider totaling $4,125.00.[32] The Court will not award attorneys' fees for this amount.

*3. Limited Success*

In exercising its discretion to reduce a fee award, the Court may make "qualitative assessments regarding [the] relative importance of one claim versus another."[33] Instead of

---

[30] Docket No. 196-1 (October 30, 2012, and December 3, 2012 entries).

[31] Docket No 85, at 3.

[32] Docket No. 196-1 (April 21, 2013, and April 22, 2013 entries).

[33] *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).

11

calculating a reduction based on the proportion of total claims that the unsuccessful claims represent, a district court is required to consider the importance of the unsuccessful claims to the case as compared to the successful claim.[34] Two-thirds of Plaintiff's claims were unsuccessful. However, the Court finds that the retaliation claim and the discrimination claim are more central to the litigation than the good faith and fair dealing claim. The Court finds that the unsuccessful discrimination claim may have contributed to the success of Zisumbo's retaliation claim. However, Plaintiff achieved limited success. "Where a plaintiff has achieved only partial or limited success, the court may reduce the award to account for the limited success. The court has discretion in making this equitable judgment."[35]

Considering this limited success, a reduction in attorneys' fees based on the unsuccessful discrimination and good faith and fair dealing claims is warranted. In light of the fact that Plaintiff did not succeed on two of his three claims, while considering that Plaintiff's retaliation and discrimination claims were central to Plaintiff's case and factually related to each other, the Court will further reduce Plaintiff's attorneys' fees award by 40% of the fees requested.

Plaintiff achieved only partial success, and in doing so, unreasonably expended (and required Defendant to unreasonably expend) additional attorneys' fees on meritless motions. To illustrate, Plaintiff filed an unsuccessful Motion to Stay[36] and two untimely Motions to Amend,[37] which resulted in Ogden Regional incurring a total of $15,766.50 to defend against these

---

[34] *Id.* at 1511.

[35] *Daniel v. Loveridge*, 1992 WL 685748, at *2 (D. Utah Oct. 5, 1992).

[36] Docket No. 46.

[37] Docket No. 26, 38.

attempts to amend Plaintiff's complaint and stay the case. The Court will not deduct these amounts from the lodestar but has taken them into consideration in determining that a 40% reduction is reasonable.

*4. Limited Damages Awarded*

Finally, Defendant argues that in setting the attorneys' fee award for Plaintiff, the Court should consider that Plaintiff recovered only a small fraction of the damages he was seeking. In support, Defendant cites *Berry v. Stevinson Chevrolet*,[38] where the Tenth Circuit affirmed a district court's decision to reduce attorneys' fees by 20% where the plaintiffs had recovered only a small amount of the damages they sought.[39] Defendant notes that Plaintiff in this case requested approximately $850,000.00 in consequential damages, lost wages, back pay, and front pay, yet received only about $64,000.00 in equitable relief.

The Court is not persuaded by Defendant's argument. Plaintiff's back pay was limited and his front pay foreclosed because of his own post-termination misconduct. Thus, his limited damage award has already been considered by the Court. The Court is not inclined to limit Plaintiff's attorneys' fees any further because Plaintiff received a limited damages award.

### III. CONCLUSION

Based on the foregoing, Plaintiff's attorneys' fee award will be calculated as follows. The Court begins with a lodestar of $162,228.50. As described above, the Court will subtract $2750.00 expended on a motion to stay. The Court will then subtract $4,125.00 expended on a

---

[38] 74 F.3d 980, 990 (10th Cir. 1996).

[39] *Id.*

motion to reconsider.  The remaining amount of $155,353.00 will be further reduced by 40% as explained above, for a subtotal of $93,212.00.

It is therefore,

ORDERED that Defendant's Motion for Attorneys' Fees or in the Alternative, to Set Off Any Fees Awarded to Plaintiff (Docket No. 193) is GRANTED IN PART AND DENIED IN PART.  It is further

ORDERED that Plaintiff's Motion for Attorneys' Fees (Docket No. 196) is GRANTED IN PART AND DENIED IN PART.

Defendant is ORDERED to pay $93,212.00 to Plaintiff for attorneys' fees.  The Clerk of Court is directed to amend the judgment to include this amount.

DATED this 4th day of February, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge